<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| REINA CARCAMO-BARAHONA, : | |
| : | Civil Action No. 09-0245 (JAG) |
| Petitioner, : | |
| : | |
| v.  : | **MEMORANDUM OPINION** |
| : | |
| RACHEL MARTINEZ, : | |
| : | |
| Respondent. : | |

IT APPEARING THAT:

1. On April 30, 1996, an Immigration Judge granted Petitioner, a citizen of Honduras, voluntary departure from the United States by July 1, 1996.

2. On October 29, 2008, Immigration Judge Annie S. Garcy issued an order in Petitioner's case: (a) granting Petitioner's application to withdraw her application for voluntary departure; (b) amending the April 30, 1996, decision *nunc pro tunc* to withdraw and vacate the grant of voluntary departure; (c) *nunc pro tunc* ordering Petitioner deported from the United States to Honduras on the charge in the order to show cause; and (d) denying Petitioner's motion to reopen her removal proceeding on the ground that she be considered for Temporary Protected Status because the immigration court lacks jurisdiction over an application for Temporary Protected Status.

3. On November 14, 2008, Petitioner filed a Petition for Writ of Habeas Corpus ("First § 2241 Petition") pursuant to 28 U.S.C. § 2241.  See <u>Carcamo-Barahona v. Weber</u>, Civil Action No. 08-5596 (JAG) (D.N.J. filed Nov. 14, 2008).  By Order dated December 8, 2008, this Court: (a) transferred the portion of the case seeking review of the order of removal to the United States

Court of Appeals for the Third Circuit; (b) denied Petitioner's request for a writ of habeas corpus; (c) denied Petitioner's request for a stay of removal; and (d) closed the file.  <u>See</u> <u>id.</u> (Docket entry #2.)

    4. On January 15, 2009, the Clerk received from Petitioner the pleading presently before this Court, which Petitioner executed on January 14, 2009.  The pleading is entitled, "PETITION FOR HABEAS CORPUS UNDER ALL WRITS ACT STAYING VERBAL ORDER OF DEPARTURE TO HONDURAS WHILE IN ABEYANCE OF TEMPORARY PROTECTED STATUS(TPS)" ("Second § 2241 Petition").

    5. Petitioner asserts in the Second § 2241 Petition that she is a citizen of Honduras; she has been under supervision of the Department of Homeland Security by way of an ankle-monitoring device pursuant to Temporary Protected Status, which expired November 14, 2008; she filed a motion to terminate removal before Immigration Judge Annie S. Garcy in Newark, New Jersey; she applied to have her Temporary Protected Status extended for 18 months; Petitioner's two children, ages eight and 11, reside with her in Jersey City, New Jersey; and Deportation Officer Rachel Martinez verbally told Petitioner that she must appear for departure on January 19, 2009.  Petitioner seeks the following relief:

> I am todate [sic] praying for the judicial intervention of the federal court in the District of New Jersey, having jurisdiction to examine actions by immigration authorities.  There is no finality yet for the "TPS" nor for the assertion of benefits presented to the Immigration Court 8/2/08.

(Docket entry #1, p. 1.)

    6. The documents attached to the Petition indicate that on April 30, 1996, an Immigration Judge in Newark, New Jersey, granted voluntary departure; Petitioner did not depart; and on

December 2, 2008, a Supervisory Deportation Officer denied Petitioner's application for a stay of removal.

  7. On April 13, 2009, Daniel M. Renaud, Director, Vermont Service Center, U.S. Citizenship and Immigration Services, Department of Homeland Security, issued a decision denying Petitioner's application (filed November 6, 2008) for Temporary Protected Status (Form I-821) on the grounds that Petitioner has not provided any new evidence or information which would overcome the grounds denying her previous application for Temporary Protected Status on May 19, 2003, and Petitioner failed to establish that she is eligible to be considered for late registration provisions of the Temporary Protected Status regulation, see 8 C.F.R. §§ 244.2(f)(2), 244.9(a) and (b).

  8. On May 11, 2005, the President signed into law the REAL ID Act of 2005.  See Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11, 2005).  Section 106(a)(5) of the REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a)(5), provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5).

  9. The REAL ID Act further provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

     commence proceedings, adjudicate cases, or execute removal orders
     against any alien under this chapter.

8 U.S.C. § 1252(g).

  10.  This Court lacks jurisdiction over the Second § 2241 Petition which challenges Petitioner's removal and seeks a stay of removal.  See 8 U.S.C. §§ 1252(a)(5) and (g); Khouzam v. Attorney General, 549 F. 3d 235, 245 (3d Cir. 2008) (REAL ID Act stripped District Court of jurisdiction over petition for stay of removal and challenge to termination of deferral of removal); Thomas v. District of Columbia Government, 580 F. Supp. 2d 142, 150 (D.D.C. 2008) (Section 1252(g) of REAL ID Act bars District Court from reviewing request for stay of adjudication of removal); Aziz v. Chadbourne, 2007 WL 3024010 (D. Mass. 2007) (District Court lacks jurisdiction to stay removal because stay would interfere with execution of removal order and is barred by 8 U.S.C. § 1252(g)).

  11.  The request for review of the order of removal shall be transferred to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631.

  12.  An appropriate Order accompanies this Memorandum Opinion.


           S/Joseph A. Greenaway, Jr.
          JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 21, 2009